UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMICAS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-11589-LTS |
| GMG HEALTH SYSTEMS, LTD. d/b/a GONZABA MEDICAL GROUP, | ) |
| Defendant. | ) |

ORDER FOR FURTHER BRIEFING

March 9, 2011

SOROKIN, M.J.

The Plaintiff, AMICAS, Inc., moved for partial summary judgment, seeking, inter alia, "judgment in favor of AMICAS and against GMG on Count I of AMICAS's complaint in the amount of $778,889, plus costs, interest, late fees and attorneys' fees to be determined in accordance with the parties' Agreement." Docket # 43. The Court ruled that AMICAS' "Motion for Partial Summary Judgment as to Count I of its Complaint is ALLOWED." Docket # 72 at 29.

During the summary judgment litigation, GMG advanced some arguments in opposition to AMICAS' claim for damages in the amount of $778,889 plus fees, costs etc. See Docket #49 at 14-15. The Court rejected these arguments, ruled in favor of AMICAS and allowed its motion for partial summary judgment including the damage calculation. Docket #72.

GMG advanced no arguments, at the summary judgment stage, disputing AMCIAS'

1

calculation of its damages. GMG's memorandum in opposition to AMICAS' motion did not assert that in the event that AMICAS prevailed on liability, AMICAS was not entitled to the damages claimed in Scott Areglado's affidavit (which explains the basis for the $778,889 figure) because they were inaccurate, or because other provisions of the Agreement limited AMICAS' damages in the manner GMG now asserts.

At the conclusion of its Memorandum and Order on the Cross Motions For Summary Judgment, the Court ordered the Parties to set forth their respective positions as to a schedule for resolution of remaining matters (in light of the fact that AMICAS' motion was one for partial summary judgment). Docket # 72 at 31. In response, AMICAS proposed a schedule for written submissions concerning calculation of its costs, interest, late fees and attorneys fees, to be added to the $778,889 the Court for which the Court had found GMG liable. Docket # 73 at 1. AMICAS also stated that it would dismiss Count II as moot, and would anticipate dismissal Count III in the event that damages "are calculated as set forth in this status report." Id. at 2.

GMG took the position in its filing that AMICAS had identified no damages owed to it, advancing in support of that position several arguments interpreting the Agreement to limit damages – arguments which were not previously advanced at the summary judgment stage. Docket # 74 at 1-3. GMG further argued that since AMICAS' damages were severely restricted under GMG's present interpretation of the Agreement, this fact would severely restrict the amount of reasonable attorneys fees due to it under the Agreement, and requested that the Court solicit briefing and/or convene a hearing on the damages issue only. Docket # 74.

The Court subsequently ordered that AMICAS file its submission regarding costs, interest, late fees and attorney fees by January 14, 2011, with GMG to respond two weeks

thereafter. See Electronic Order of December 29, 2010. AMICAS made its submission detailing the basis for its claimed costs, interest, late fees and attorney fees. Docket # 75. GMG responded by renewing the arguments made in its post-summary judgment filing, to the effect that AMICAS identified no recoverable damages (or was entitled only to severely restricted damages) under the Agreement, and that it was therefore not entitled to collect fees. Docket # 76. AMICAS responded that GMG's submission attempts to revisit summary determinations and that the damages arguments advanced in its post-summary judgment filings had been waived.[1] Docket # 80.

AMICAS is correct that the issue of the amount of damages for which GMG was liable for its breach was resolved by the Court in its Order on summary judgment. The Court ruled that AMICAS' "Motion for Partial Summary Judgment as to Count I of its Complaint is ALLOWED." Docket # 72 at 29. That motion explicitly sought damages in the amount of $778,889, plus costs, interest, late fees and attorneys' fees. Docket # 43. In so ruling, the Court resolved in AMICAS' favor those issues concerning damages which were presented for its resolution (as described supra, at 2-4).

The proper time for GMG to advance the arguments made in its most recent filings was in the course of opposing AMICAS' motion for partial summary judgment. It did not advance its present arguments at that time. The proper avenue for doing so now is a motion for reconsideration, and I construe GMG's recent filings as such a motion. The Federal Rules of Civil Procedure do not specifically address motions for reconsideration. The Court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration made

---

[1] AMICAS has not addressed the merits of the new damages arguments made by GMG.

pursuant to either Fed. R. Civ. P. 59(e) or 60(b). Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81 (1st Cir.2008). Because judgment has not entered in this case, Rule 59 is inapplicable, and Rule 60 provides the only possible basis for relief of the sort GMG seeks. Rule 60(b) delineates six potential bases for the Court to relieve GMG of its finding that AMICAS is entitled to damages in the amount in the amount of $778,889, plus costs, interest, late fees and attorneys' fees. Four of these bases (newly-discovered evidence, fraud by an opposing party, and two relating to judgments) are clearly inapplicable. Fed. R. Civ. P. 60(b)(2)-(4). Rule 60(b)(1) permits relief on the grounds of "mistake, inadvertence, surprise or excusable neglect." On the record before the Court, GMG has not established a basis to invoke section (b)(1). Section (b)(6) permits relief for "any other reason that justifies relief." To evaluate whether section (b)(6) applies, the Court requires Amicas to address the merits of GMG's new arguments concerning damages.

Accordingly, it is ORDERED that AMICAS shall file a response to GMG's contract damages arguments by March 21, 2011.

SO ORDERED.

    /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE